14-294-cv
*Fraiser v. Stanley Black & Decker*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:    ROBERT D. SACK,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TAWANNA FRAISER, on behalf of
herself and all others similarly
situated,
                    *Plaintiff-Appellant*,

                v.                                          14-294-cv

STANLEY BLACK & DECKER, INC.,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: SANFORD P. DUMAIN, Milberg LLP, New York, New York, *and* David A. Slossberg, Hurwitz, Sagarin, Slossberg & Knuff, LLC, Milford, Connecticut.

FOR DEFENDANT-APPELLEE: MARK MILLER, Barnes & Thornburg LLP, Chicago, Illinois, *and* Joseph Bree Burns, Rome McGuigan, P.C., Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Young, *J.*).[*]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Plaintiff-appellant Tawanna Fraiser ("Fraiser"), on behalf of herself and all others similarly situated, appeals from the judgment of the district court entered January 16, 2014, dismissing her claims against defendant-appellee Stanley Black & Decker, Inc. ("SBD"). On October 4, 2013, ruling from the bench, the district court granted SBD's motion to strike the class action allegations and to dismiss the complaint. On October 15, 2013, Fraiser moved for reconsideration, and the district court denied the motion by a handwritten note on November 6, 2013.

---

[*] The Honorable William G. Young, of the United States District Court for the District of Massachusetts, sitting by designation.

In dismissing Fraiser's class action complaint, the district court stated in totality:

> I am persuaded. The class action allegations are stricken. The Court concludes, giving all intendments in favor of the plaintiff, that under Rule 23 the need for class action treatment does not outweigh the individual aspects of the case. So I strike the class action allegations. I don't have subject matter jurisdiction. The case is dismissed.

(A 479). The district court dismissed the case without sufficiently articulating its rationale, giving only a wholly conclusory explanation. The district court did not specifically address the issues presented by SBD's motion to strike or by Rule 23 itself, including important issues of Connecticut law. For example, the district court did not discuss Fraiser's standing to serve as a class representative under the Connecticut Unfair Trade Practices Act ("CUTPA") or the scope of a viable class under CUTPA. Additionally, the court did not discuss Fraiser's argument that, assuming she was barred by CUTPA from representing a class of Connecticut residents, CUTPA's standing provision was unenforceable by virtue of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010). The court also did not discuss whether the complaint adequately pleaded claims under the Magnuson-Moss Warranty Act, or whether Fraiser's breach of warranty claims under Connecticut common law could proceed on a class basis with or without the CUTPA claims.

Under the circumstances, we are unsure of the district court's reasoning, and we are therefore unable to properly review its decision. Accordingly, we remand the case to the district court for clarification and for a proper explanation. *See Martens v. Thomann*, 273 F.3d 159, 173 (2d Cir. 2001) (remanding case for district court to explain its decision because "it is better to remand to seek clarification from the district court" rather than engage in "inappropriate speculation"); *Inverness Corp. v. Whitehall Labs.*, 819 F.2d 48, 51 (2d Cir. 1987) (same).

\* \* \*

Accordingly, we **VACATE** the district court's judgment and **REMAND** the case for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk